

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-81,947-02

### EX PARTE STEVE HERBERT SPECKMAN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 0861282-A IN THE 372ND DISTRICT COURT FROM TARRANT COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to aggravated sexual assault and after being adjudicated guilty was sentenced to thirty years' imprisonment. The Seventh Court of Appeals affirmed his conviction. *Speckman v. State*, No. 07-13-00232-CR (Tex. App.—Amarillo May 23, 2014) (not designated for publication).

In an amended application, Applicant contends, among other things, that guilty-plea counsel told him that he could be convicted at trial based solely on the complainant's written statements and

that she would not have to be questioned at trial.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Crawford v. Washington*, 541 U.S. 36 (2004); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order guilty-plea counsel to respond to the above claim. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

Applicant appears to be represented by counsel. If he is not and the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make further findings of fact and conclusions of law as to whether counsel's advice was deficient and but for his alleged deficient advice, Applicant would have insisted on a trial. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be

requested by the trial court and shall be obtained from this Court.


Filed:   September 12, 2018
Do not publish